UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS, | No. 1:25-cv-00355 KES GSA (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED AS UNTIMELY FILED |
| v. | |
| ZACHERY JONES, et al., | See ECF No. 1 |
| Defendants. | PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, HIS VOLUNTARY DISMISSAL OF THIS CASE, DUE IN FOURTEEN DAYS |

   Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed as having been untimely filed in violation of the Statute of Limitations. In the alternative, Plaintiff may move to voluntarily dismiss this action, pursuant to Federal Rule of Civil Procedure 41(b)(a)(1)(A)(i).

   I.   RELEVANT FACTS

   On March 25, 2025, Plaintiff's complaint was filed. See ECF No. 1 at 1. Although Plaintiff was not incarcerated when he filed it, the incidents he relays in it allegedly occurred

1

1  while he was incarcerated at North Kern State Prison ("NKSP"). See id. at 1-2.

2  Plaintiff names NKSP employee correctional officers Zachery Jones and Javier Rivera as
3  defendants in this action. See id. at 2. He contends that on January 6, 2021, Defendants Jones
4  and Rivera violated his rights to be free from excessive force and from cruel and unusual
5  punishment under the Eighth Amendment when. In sum, he asserts that while he was on the
6  Level 1 Yard, they grabbed him, threw him down and proceeded beat him with open hands and
7  fists punching him in the face. ECF No. 1 at 3. Plaintiff further asserts that then, Defendant
8  Rivera kicked him 3 times fracturing three of his ribs. Id. He also states that Defendants put him
9  in a holding cage. Id. at 5. Plaintiff was 64 years old at the time. Id. at 3.

10  Plaintiff seeks $50,000.00 each from Defendants Jones and Rivera. See ECF No. 1 at 7.
11  He states that he is refiling this case because it was previously dismissed without prejudice. Id.
12  He contends that his previous case was dismissed because he did not pay the Court fees. See ECF
13  No. 1 at 5.

14  II. DISCUSSION
15  A. Applicable Law

16  The applicable statute of limitations starts to run when a plaintiff knows or has reason to
17  know of the injury that is the basis of his action – typically the date on which the injury actually
18  occurs. See Ward v. Westinghouse Can., 32 F.3d 1405, 1407 (9th Cir. Cal. 1994); Douglas v.
19  Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009). Actions arising under section 1983 look to the
20  forum state's statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). In California
21  the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1.
22  The California Code of Civil Procedure provides that this limitation period is subject to two-year
23  tolling for prisoners who are serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a).
24  And California courts have read out the "less than life" limitation. See Jones v. Blanas, 393 F.3d
25  918, 928 n.5 (9th Cir. 2004). Accordingly, plaintiff had four years from the day his injuries
26  accrued to bring this suit.

27  However, in California, "the applicable statute of limitations must be tolled while a
28  prisoner completes the mandatory [administrative] exhaustion process." Brown v. Valoff, 422

1  F.3d 926, 943 (9th Cir. 2005). Because administrative exhaustion is statutorily required of
2  prisoner civil rights complaints under the Prison Litigation Reform Act (PLRA), see 42 U.S.C. §
3  1997e(a), this requirement provides a federal statutory basis to invoke the state's [*6] equitable
4  tolling. See, e.g., Johnson v. Rivera, 272 F.3d 519 (7th Cir. 2001)

   B.  <u>Analysis</u>

From a reading of Plaintiff's complaint, it appears that it was filed after the Statute of Limitations had run.  This is because the four-year statute of limitations time clock on his cause of action began on the date that he had reason to know of his harm, namely, on January 6, 2021, the date he states that he was attacked by Defendants.  <u>See</u> ECF No. 1 at 3.  Because Plaintiff, who is unincarcerated, filed the complaint on March 25, 2025, the four-year period to file has expired.

As such, absent a sufficient length of time being tolled while completing the administrative exhaustion process, if done in this case, this case fails to state a cognizable claim.  However, prior to recommending the dismissal of this case, Plaintiff will be ordered to show cause why it should not be.  As an alternative to filing the showing of cause, Plaintiff may opt to voluntarily dismiss this case.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff shall SHOW CAUSE why this matter should not be SUMMARILY DISMISSED as UNTIMELY FILED;

2.  As an alternative to filing the showing of cause, Plaintiff may opt to voluntarily dismiss this case, and

3.  Plaintiff shall have fourteen days to take either course of action.


IT IS SO ORDERED.

   Dated:  **April 30, 2025**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE

3