UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>  Plaintiff,<br><br>  v.<br><br>ZACHERY JONES, et al.,<br><br>  Defendants. | No. 1:25-cv-00355 KES GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 28) |

Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's motion for the appointment of counsel. ECF No. 28. For the reasons stated below, the motion will be denied.

I.    PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, he states, in relevant part, that the correctional officers identified in this case are represented by the Office of the Attorney General, whereas he is representing himself and the issues in this case are very complex. ECF No. 28 at 3. For this reason, Plaintiff argues he needs a professional attorney. Id.

1

## II. DISCUSSION

### A. Applicable Law

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider a plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

### B. Analysis

Plaintiff's motion will be denied. Plaintiff has filed a complaint that was satisfactory enough to be served. This indicates that to date, Plaintiff has been able to successfully articulate his claims and that it is possible that he could prevail on its merits. Furthermore, the fact that Defendants are being represented by the Office of the Attorney General, but he does not have an attorney to represent him, is very common in pro se litigant cases. Thus, that fact does not constitute "exceptional circumstances". Therefore, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 28) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 5, 2025**            **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE