UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS, | No. 1:25-cv-00355 KES GSA (PC) |
| Plaintiff, | ORDER VACATING ECF. NO 38, REISSUING CORRECTED ORDER, REFERRING CASE TO POST-SCREENING EARLY ADR, AND STAYING CASE FOR 120 DAYS |
| v. | |
| ZACHERY JONES, et al., | |
| Defendants. | ORDER GRANTING DEFENDANT'S MOTION  (ECF No. 39) |

[1]Plaintiff, a former state prisoner proceeding pro se has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff has paid the filing fee.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Defendants have waived service of process.  ECF No. 37.

On September 26, 2025, the Plaintiff Mills and defense counsel form the Office of the California Attorney General filed notice with the Court that they are interested in participating in the Court's Post-Screening Early ADR (Alternative Dispute Resolution).  ECF No. 37.  The Early ADR Program was created in an effort to resolve such cases more expeditiously and less

---

[1] The parties are to kindly disregard the order issued on September 26, 2025 (ECF No. 38) which inadvertently contained language which is not yet applicable to this case, and which instructed the parties to provide their availability for a settlement conference within 7 days.  Please review the revised language underlined below.

1

1  expensively.  No defenses or objections shall be waived by their participation.

2  As set forth in the screening order,[2] Plaintiff has stated cognizable civil rights claims.
3  Thus, the Court stays this action for a period of 120 days to allow the parties to investigate
4  Plaintiff's claims, meet and confer, and then participate in a settlement conference.

5  There is a presumption that all post-screening prisoner civil rights cases assigned to the
6  undersigned will proceed to settlement conference.[3]  <u>However, if after investigating plaintiff's
7  claims and speaking with plaintiff, and after conferring with defense counsel's supervisor,
8  defense counsel in good faith finds that a settlement conference would be a waste of resources,
9  defense counsel may move to opt out of Early ADR.  Either a motion to opt out of Early ADR or
10 a notice of a desire to participate in a settlement conference must be filed within sixty days from
11 the date of this order.</u>

12 Once the settlement conference is scheduled, at least seven days prior to the conference,
13 the parties shall submit to the settlement judge a confidential settlement conference statement.
14 The parties' confidential settlement conference statements shall include the following: (a) names
15 and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short
16 procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts
17 made to investigate the allegations; and (e) a discussion of the efforts that have been made to
18 settle the case.  Defendants shall e-mail the settlement conference statement to the settlement
19 judge's e-mail box for proposed orders, available on the Court's website.  Plaintiff shall place his
20 settlement conference statement in the U.S. Mail addressed to the settlement conference judge,
21 United States District Court, 2500 Tulare Street, Fresno, CA 93721.  Plaintiff shall mail his
22 settlement conference statement so that it is received by the Court at least seven days before the
23 settlement conference.

---

[2] Although the Court's screening order addressed Plaintiff's first amended complaint (see ECF No. 20), on September 25, 2025, after the Court granted Plaintiff's requests to add medical records to his amended complaint, the Court ordered those documents be added to the first amended complaint and directed this new document be placed on the docket as Plaintiff's second amended complaint. See ECF No. 34. Accordingly, the Court notes for the record that Plaintiff's second amended complaint (see ECF No. 35) is the operative complaint in these proceedings.

[3] If the case does not settle, the Court will set a date for the filing of a responsive pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The order issued on September 26, 2025 (ECF No. 38) is VACATED and replaced with the below.

2. This action is STAYED for 120 days to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery

3. <u>Within sixty days from the date of this order, defendants shall either file a motion to opt out of Post-Screening Early ADR or give notice to the Court that they wish to participate in a settlement conference.</u>

4. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the settlement judge. Defendants shall e-mail the settlement conference statement to the settlement judge's proposed orders e-mail address. Plaintiff shall place his settlement conference statement in the U.S. Mail addressed to the settlement judge, United States District Court, 2500 Tulare Street, Fresno, CA 93721. Plaintiff shall mail his settlement conference statement so that it is received by the Court at least seven days before the settlement conference.

5. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

6. The parties remain obligated to keep the Court informed of their current addresses at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

IT IS SO ORDERED.

Dated:   **October 2, 2025**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE