UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>            Plaintiff,<br><br>    v.<br><br>ZACHARY JONES, et al.,<br><br>            Defendants. | Case No.: 1:25-cv-00355-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Thomas K. Mills is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    RELEVANT BACKGROUND**

On September 25, 2025, previously assigned Magistrate Judge Gary S. Austin issued his Order Directing Parties to Inform Court Whether They Wish to Participate in Court's Early Alternative Dispute Resolution Program; Parties' Notice Regarding Same Due in Seven Days. (Doc. 36.) The order was served on Plaintiff at his address on record that same date.

On September 26, 2025, Defendants Jones and Rivera filed their Notice of Interest in Early ADR Program. (Doc. 37.) That same date, Judge Austin issued his Order Referring Case to Post-Screening Early ADR and Staying Case for 120 Days; Parties' Availability Dates to Participate in Settlement Conference During Next Two Months Due in Seven Days. (Doc. 38.) Plaintiff was again served at his address on record that same date.

On October 1, 2025, Defendants filed Defendants' Notice of Motion and Motion for Administrative Relief re Setting Opt Out Deadline. (Doc. 39.)

On October 3, 2025, Judge Austin issued his Order Vacating ECF No. 38, Reissuing Corrected Order, Referring Case to Post-Screening Early ADR, and Staying Case for 120 Days and Order Granting Defendant's Motion (ECF No. 39). (*See* Doc. 40.) Plaintiff was served at his address on record that same date.

On October 6, 2025, this action was reassigned from Magistrate Judge Gary S. Austin to the undersigned. (Doc. 41.) The order was served on Plaintiff at his address on record with the Court that same date.[1]

On October 21, 2025, the reassignment order was returned by the United States Postal Service (USPS) marked "Undeliverable," and "[Return to Sender]."

On December 1, 2025, Defendants filed their Notice of Intent to Participate in Early ADR. (Doc. 42.)

To date, Plaintiff has not responded to the Court's September 25 or October 3, 2025, orders, nor has he filed a notice of change of address.

**II.    DISCUSSION**

Plaintiff has failed to keep the Court apprised of his current address. Therefore, the undersigned will recommend this action be dismissed without prejudice.

*Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court

---

[1] On October 20, 2025, the reassignment order was re-served to Plaintiff.

order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Emphasis omitted.)

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

*Analysis*

Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. As noted above, according to the Court's docket, Plaintiff's current address of record is "Granada Post Acute, 3565 E. Imperial Hwy, Rm 15C, Lynwood, CA 90262." All orders issued by the Court have been served to Plaintiff at Granada Post Acute in Lynwood, California, since Plaintiff filed his original complaint on March 25, 2025. It has

1  remained his address on record with the Court as reflected on the docket for this action.[2] On
2  October 21, 2025, mail directed to Plaintiff was returned to the Court marked "Undeliverable"
3  and no forwarding address was available. Because Plaintiff has failed keep the Court apprised of
4  his current address, this action is subject to dismissal. Given the Court's inability to communicate
5  with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to
6  obey the Local Rules and failure to prosecute. Thus, the first and second factors — the
7  expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of
8  dismissal. *Carey*, 856 F.2d at 1440.

9  The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal
10 since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
11 action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants have filed a
12 Notice of Appearance (Doc. 32), responded to the Court's September 25, 2025, order (Doc. 37),
13 filed a motion for administrative relief (Doc. 39), and indicated a willingness to participate in the
14 Court's early ADR program (Doc. 42). Plaintiff did not respond to the Court's September 25,
15 2025, and October 3, 2025, orders, and these proceedings are essentially at a standstill because of
16 Plaintiff's failure to keep the Court apprised of his current address. Plaintiff has unreasonably
17 delayed the prosecution of this action since at least October 21, 2025, when mail directed to
18 Plaintiff was returned to the Court as undeliverable. Thus, the third factor also weighs in favor of
19 dismissal. *Carey*, 856 F.2d at 1440-41.

20 The fourth factor usually weighs against dismissal because public policy favors
21 disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
22 "this factor lends little support to a party whose responsibility it is to move a case toward
23 disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460
24 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. It is his
25 responsibility to do so. Instead, Plaintiff has stopped communicating with the Court altogether
26 and has failed to comply with this Court's Local Rules. More than 40 days have passed since the

---

[2] Plaintiff's room number at that facility was changed on June 26, 2025. (*See* Doc. 16 [from 36C to 15C].)

4

1  USPS returned the order issued October 6, 2025, yet Plaintiff has failed to file a notice of change
2  of address in compliance with Local Rule 183(b). Therefore, the fourth factor — the public policy
3  favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d
4  at 1440.

5  Finally, the Court's warning to a party that failure to obey the court's orders will result in
6  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
7  Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued March
8  25, 2025, Plaintiff was advised as follows: "In litigating this action, the parties must comply with
9  this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the
10 United States District Court, Eastern District of California ("Local Rules"), as modified by this
11 Order. Failure to so comply will be grounds for imposition of sanctions which may include
12 dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 2 at 1.) That Order further
13 advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's
14 correct current address. Local Rule 182(f). If a party moves to a different address without filing
15 and serving a notice of change of address, documents served at a party's old address of record
16 shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at
17 the address of record is returned by the United States Postal Service as undeliverable, the order
18 will not be re-served a second time absence a notice of change of address. If a pro se plaintiff's
19 address is not updated within thirty-three (33) days of mail being returned as undeliverable, the
20 case will be dismissed for failure to prosecute." (*Id*. at 5.) The undersigned finds Plaintiff had
21 adequate warning that dismissal could result from his noncompliance with this Court's Local
22 Rules or failure to update his address. Thus, the fifth factor — the availability of less drastic
23 sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

24 In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has
25 failed to prosecute this action. Having weighed the equities and considered the relevant factors
26 noted above, the undersigned concludes that dismissal of this action is warranted.

27 **III.    CONCLUSION AND RECOMMENDATION**

28 Accordingly, for the reasons stated above, the Court **HEREBY RECOMMENDS** that

1 | this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules
2 | and this Court's orders and to prosecute this action.

3 | These Findings and Recommendations will be submitted to the United States District
4 | Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**
5 | after being served with a copy of these Findings and Recommendations, a party may file written
6 | objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to
7 | Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without
8 | leave of Court and good cause shown. The Court will not consider exhibits attached to the
9 | Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the
10 | exhibit in the record by its CM/ECF document and page number, when possible, or otherwise
11 | reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be
12 | disregarded by the District Judge when reviewing these Findings and Recommendations under 28
13 | U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result
14 | in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).
15 | IT IS SO ORDERED.

Dated: **December 2, 2025**

UNITED STATES MAGISTRATE JUDGE